UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL DANNER,

      Plaintiff,                                    Case No: 1:09-cv-1115

v                                                     HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.
_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration to deny him disability insurance benefits. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. Defendant filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Plaintiff objects. The Court denies the objections and enters this Opinion and Order.

Plaintiff argues that this Court should reject the Magistrate Judge's recommendation because the ALJ failed to properly analyze the opinions of his treating physicians, Drs. Angell and Lessard. Plaintiff first asserts that Dr. Angell's opinion that Plaintiff's vision "would deteriorate with fatigue and pain" is an opinion "entitled to weight" (Dkt 18 at 2). In conjunction with this assertion, Plaintiff points out that his employer made accommodations for his impaired vision (*id.* at 2-3).

However, Plaintiff's argument does not demonstrate any error or omission by the Magistrate Judge in approving the ALJ's analysis. The ALJ did not overlook Plaintiff's vision limitations; rather, as the Magistrate Judge indicates, the ALJ specifically acknowledged that Plaintiff has "vision-related deficits" (Dkt 17 at 12).

Plaintiff also argues that the record does not reflect that in deciding the weight to give the opinions of Drs. Angell and Lessard, the ALJ considered each of the factors found at 20 C.F.R. § 404.1527(d) (Dkt 18 at 3). *See Kalmbach v. Comm'r of Social Sec.*, ___ F.3d ___, 2011 WL 63602, *7-8 (6th Cir. 2011) (explaining that even if the ALJ does not give controlling weight to a treating physician's opinion, the ALJ must still consider how much weight to give it, taking into account "the length of the treatment relationship, frequency of examination, the extent of the physician's knowledge of the impairment(s), the amount of relevant evidence supporting the physician's opinion, the extent to which the opinion is consistent with the record as a whole, whether or not the physician is a specialist, and any other relevant factors tending to support or contradict the opinion"); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

As Defendant points out, the ALJ discussed evidence pertaining to two of the factors (Dkt 19 at 3). Further, as Plaintiff himself concedes, "an ALJ is not required to discuss each of these factors" (Dkt 18 at 3). The Court finds that the ALJ's discussion about why he discredited the physicians' opinions was sufficient to ensure adequacy of review and to permit Plaintiff to understand the disposition of his case, even if Plaintiff nonetheless disagrees with the result. *See Kalmbach, supra* at *8; *Bass v. McMahon*, 499 F.3d 506, 512 (6th Cir. 2007) ("*Wilson* requires reversal when a treating physician's opinion was ignored and no reasons for doing so were provided. . . . That is not the case we have here.").

Plaintiff presents a one-sentence argument that "[t]he R & R also ignores 20 C.F.R. § 404.1529, directing the ALJ to consider mental impairments if objective medical evidence does not substantiate the pain" (Dkt 18 at 3). As 20 C.F.R. § 404.1529 governs "How we evaluate symptoms," the portion of ths regulation to which Plaintiff's mental-impairment argument is directed is not clear. In any event, Plaintiff did not allege a mental impairment below.

Last, Plaintiff argues that this Court should reject the Magistrate Judge's recommendation to affirm the ALJ's decision because the ALJ failed to properly Plaintiff's credibility inasmuch as he mis-judged Plaintiff's statements about his pain (Dkt 18 at 4-5). The Court disagrees.

The ALJ, not the reviewing court, is tasked with evaluating the credibility of witnesses, including that of the claimant. *Kalmbach*, *supra* at *8 (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). "Whenever a claimant's complaints regarding symptoms, or their intensity and persistence, are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with [the complainant's] complaints based on a consideration of the entire case record." *Id.* "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect."

Here, as Defendant points out (Dkt 19 at 4), the ALJ found inconsistency between Plaintiff's symptom complaints and the other evidence in the record, such as Plaintiff's wide range of daily activities and Plaintiff's receipt of unemployment benefits for six months after his alleged onset of disability date. The Magistrate Judge properly concluded that substantial evidence exists to support the ALJ's credibility determination in this case (Dkt 17 at 14-15).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 18) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 17) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: February  1 , 2011         /s/ Janet T. Neff
                                  JANET T. NEFF
                                  United States District Judge